UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 94-8054-CR-MARRA

UNITED STATES OF AMERICA,

v.

GARY GOODRICH

DEFENDANT.
_____/

ORDER DENYING DEFENDANT'S
MOTION TO EXPUNGE CASE

This matter came before the Court upon the letter filed by Defendant seeking to have this

case expunged.  Upon a review of the record, and otherwise being duly advised in the premises, it

is hereby ORDERED AND ADJUDGED as follows:

On August 30, 1994, Defendant pled guilty to embezzling union funds in violation of 29

U.S.C. § 501(c) and making false entries in union records in violation of 29 U.S.C. § 439(c).

Defendant was sentenced to two years probation, fined $1,000.00 and ordered to pay a $75.00

special assessment.  DE 23.  Defendant paid the fine and special assessment and successfully

completed his probation.  DE 25, 26.  Defendant does not set forth any grounds for the

expungement, but the Court will assume that the continued existence of a public record of

Defendant's convictions presents problems for him in employment and other matters of day to

day living.

It has been recognized that "[t]here is no specific constitutional or general statutory right

to expungement." *United States v. Carson,* 366 F. Supp.2d 1151, 1154 (M. D. Fla. 2004), *citing,*

*Sealed Appellant v. Sealed Appellee,* 130 F.3d 695, 699-700 (5th Cir. 1997), *cert. denied,* 523

U.S. 1077 (1998).  To the extent the district courts have authority to grant expungement, "the

Court's privilege to expunge matters of public record is one of exceedingly narrow scope."

*Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972).[1]  Except in cases of juveniles, the

Court is unaware of a court approving the expungement of an adult conviction which was not

either set aside or found to be the result of government misconduct.  This is so despite the

adverse consequences which result from the continued existence of a conviction appearing on the

public record.  Such consequences do not rise to the level of extreme circumstances which will

justify expungement of a criminal conviction.  *See United States v. Schnitzer,* 567 F.2d 536, 540

(2d Cir. 1977), *cert. denied,* 425 U.S. 907 (1978).  As the court in *Rogers* stated, "[t]he judicial

editing of history is likely to produce a greater harm than [that] sought to [be] corrected." *Rogers,*

469 F.2d at 1085.

In the present case, Defendant pled guilty to the charges.  There is no indication that

Defendant was wrongfully convicted or that there was any government misconduct involved in

obtaining the convictions.  Despite the continued adverse effects public knowledge of  the

convictions might have on Defendant, this case is not one which justifies the Court exercising

whatever authority it may have to expunge the records in this case.

[1]  In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh
Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior
to September 30, 1981.

In view of the foregoing, Defendant's Motion to Expunge this case is DENIED.

Done and ordered in Chambers in West Palm Beach, Palm Beach County, Florida, this

12th day of February, 2008.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE